IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**FREDERICK GRAESSLE,**

      **Plaintiff,**

  vs.                                    Civil Action 2:03-CV-758
                                            Judge Smith
                                            Magistrate Judge King

**NCI RESOURCE**
**MANAGEMENT, INC.,** *et al.***,**

      **Defendants.**


**OPINION AND ORDER**


      This is an employment action in which Plaintiff Frederick Graessle [hereinafter "Plaintiff"] alleges that his employment was terminated by Defendants, Nationwide Credit, Inc., NCI Resource Management, Inc. and Nationwide Credit, Inc. dba NCI Resource Management, Inc. [hereinafter "Defendants"], on account of his age and religion.  Plaintiff claims that on September 17, 2002, his employment as Vice President of Sales and Marketing was terminated and that the duties relating to his former position were reassigned to a person substantially younger and less qualified than Plaintiff.  *Amended Complaint,* at ¶¶ 15, 17.  Plaintiff also alleges that during the course of his employment supervisory personnel made derogatory remarks about non-Jewish current and prospective employees, and terminated or declined to hire

1

non-Jewish employees, including Plaintiff, based upon their religious persuasion. *Id.,* at ¶¶ 14, 39. The amended complaint asserts claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* [hereinafter "ADEA"]*,* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. Plaintiff also asserts supplemental state law claims of breach of contract, promissory estoppel, and violation of O.R.C. §§ 4112.01 *et seq.*, and Ohio's public policy. This matter is currently before the Court on Plaintiff's motion to further amend the complaint. Doc. No. 58.

**I.     Standard**

Rule 15 governs the filing of pleadings and provides, in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court...and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986). A court may refuse to allow the amendment if it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir. 1990). In the absence of any of these factors, Plaintiff should be afforded the opportunity to amend his complaint. *Foman,* 371 U.S. at 182.

**II.     Application**

On March 3, 2005, Plaintiff moved for leave to further amend his complaint, seeking to add the following claims: (1) age and religious discrimination based upon both disparate treatment and disparate impact; (2) hostile work environment; (3) retaliatory and wrongful discharge; and (4) spoilation of evidence.

The *Amended Complaint* refers to events that occurred between April 17, 2000 and September 27, 2002, and alleges that Plaintiff's position was terminated, purportedly, "as part of a company wide 're-organization.'" *Amended Complaint,* ¶ 16.  It is also alleged that, during Plaintiff's tenure with Defendants, Plaintiff's supervisors "made inappropriate remarks regarding non-Jewish current and potential employees of Defendants, including references to 'the tribe,' or members of the Jewish faith, who were or may become Defendants' employees as against non-Jewish employees or applicants for employment." *Id.,* ¶ 14.  The *Amended Complaint* asserts claims of age discrimination under the ADEA and religious discrimination under Title VII.  It specifically alleged that, "[a]s a direct and proximate result of Defendants' employment procedures, practices, and actions, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his age," *Id.,* ¶ 28, and "because of his religion," *Id.,* ¶ 40.

The proposed *Second Amended Complaint* again refers to actions and events that "occurred on or between April 17, 2000 and up to and including Plaintiff's termination on September 27, 2002...." *Second Amended Complaint,* ¶ 8.  It, too, refers to a "company wide 're-organization'," *Id.,* ¶ 16, and "inappropriate remarks regarding non-Jewish" employees. *Id.,* ¶ 14.  The ADEA claim, as asserted in the proposed *Second Amended Complaint,* however, characterizes Plaintiffs' termination as part of a company wide reorganization as amounting to

3

"disparate treatment and impact of a member of a protected class...." *Second Amended Complaint,* ¶ 31. The Title VII claim relating to religious discrimination, as proposed in the *Second Amended Complaint,* includes, in addition to an alleged deprivation of employment opportunities on account of Plaintiff's religion, the allegation that Plaintiff "was forced to endure a hostile work environment...." *Id.,* ¶ 41.

  A.  **Disparate Treatment and Impact Claims**

Plaintiff seeks to expand his age discrimination and religious discrimination claims to include both a disparate impact claim and a disparate treatment claim, taking the position that both these claims "were implicit" in the *Amended Complaint. Plaintiff's Reply,* at p. 2. Defendants argue that this Court lacks jurisdiction to entertain a disparate impact claim because Plaintiff failed to include this claim in his EEOC charge. An administrative charge with the EEOC is a jurisdictional prerequisite to a civil action under the ADEA and Title VII.[1] *Delisle v. Brimfield Twp. Police Dept.,* 94 Fed. Appx. 247, 253 (6th Cir. 2004); *Davis v. Sodexho, Cumberland College Cafeteria,* 157 F.3d 460, 463 (6th Cir. 1998). The purpose of this administrative filing requirement is to ensure that those charged with discrimination are placed on notice of the charges and afforded the opportunity to conciliate the charges rather than litigate them. *Davis,* 157 F.3d at 463. However, a party's judicial complaint may include claims "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Id.; see also Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir. 1992); *Ang v. Proctor & Gamble,* 932 F.2d 540 (6th Cir. 1991).

---

[1]"A charge of discrimination is sufficient if it contains 'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) (citing 29 C.F.R. § 1601.12(b)).

Plaintiff's administrative charge, Exhibit 15 to *Deposition of Frederick Graessle,* relates to the termination of Plaintiff's employment. It specifies that Plaintiff's claims are based on "age" and "religion," *Id.,* and indicates that the "earliest" date that the discrimination occurred was on September 27, 2002, *i.e.,* the date of termination "due to an [sic] reorganization." *Id.*

Claims based on disparate impact and disparate treatment focus on different elements and provide different methods of proving alleged discrimination. Under a disparate impact analysis, a facially neutral employment practice, (such as reorganization), may violate federal law regardless of the employer's intent. *See, e.g., Wards Cove Packing Co. V. Atonio,* 490 U.S. 642, 646 (1989). A disparate treatment analysis, by contrast, focuses on the employer's intent, which may be established by either circumstantial or direct evidence of the employer's actual motive. *See, e.g., United States Postal Service v. Aikens,* 460 U.S. 711, 714 n.3 (1983). This Court concludes that the scope of the EEOC investigation reasonably expected to grow out of Plaintiff's charge of age and religious discrimination would include both a disparate treatment and a disparate impact claim.

      **B.**    **Hostile Work Environment Claim**

Plaintiff also seeks to amend his complaint by alleging that he was forced to endure a hostile work environment in violation of Title VII's prohibition against religious discrimination. Defendants allege that this proposed claim exceeds the scope of the EEOC charge. This Court agrees.

As previously noted, Plaintiff's administrative charge referred to age and religious discrimination. Exhibit 15 to *Deposition of Frederick Graessle.* The form utilized by Plaintiff expressly refers to Plaintiff's "discharge" and specifies that the discrimination took place on

"9/27/2002." *Id.* Nothing in this charge would have reasonably given rise to a claim of hostile work environment as a claim separate from that based on Plaintiff's discharge on September 27, 2002. *See Johnston v. O'Neill,* 272 F. Supp. 2d 696 (N.D. Ohio 2003). Although the charge refers to comments by one Paula Boyer, this reference appears to be offered by way of evidentiary background to the charge of religious discrimination in the termination of Plaintiff's employment. This allegation simply does not amount to the severe and pervasive misconduct associated with a hostile work environment claim. *See Ulmer v. Dana Corp.,* 200 F. Supp. 2d 804, 814 (N.D. Ohio 2002), *aff'd,* 115 Fed. Appx. 787 (6th Cir. 2004) (unpublished). *See also Mitchell v. Per-Se Technologies, Inc.,* 64 Fed. Appx. 926, 2003 WL 21130023, ** 1 (6th Cir. 2003) (unpublished) (EEOC charge of hostile work environment does not include claims of discrimination).

Defendants also contend that, in filing the motion for leave to amend long after the date specified in the *Preliminary Pretrial Order,* Doc. No. 8, Plaintiff has failed to establish the "good cause" required by F. R. Civ. P. 16(b) in order to modify the schedule established in that order. This Court agrees that, as it relates to the proposed disparate impact and disparate treatment claims, Plaintiff's motion to amend is not untimely. Those claims may be, as this Court concluded *supra,* reasonably expected to have grown out of Plaintiff's administrative charge. Indeed, although Plaintiff characterizes both claims as "implicit" in the *Amended Complaint,* the perceived need to further amend the complaint in this regard arose only when Defendants resisted discovery on both claims.

On the other hand, this Court concludes that a claim based on a hostile work environment was included in neither Plaintiff's administrative charge nor the *Amended Complaint.*

6

Knowledge and evidence of this claim would, presumably, be peculiarly within the Plaintiff's possession. Plaintiff has nevertheless failed to establish good cause for his failure to seek to assert this claim by May 1, 2004, as required by the Court's *Preliminary Pretrial Order.*

### C. Retaliatory and Wrongful Discharge Claim

Plaintiff also seeks to add a claim of retaliation based upon Plaintiff's submission of a letter to a supervisor requesting that his compensation be readjusted and requesting a performance evaluation. Defendants argue that to allow the proposed retaliatory discharge claim would be to engage in an exercise in futility. "If a proposed amendment would be vulnerable to a motion to dismiss or to strike, 'it would be an idle move for the Court to allow an amendment over the objection of the opposing party who could simply make a formal motion to dismiss or strike after leave to amend is granted.'" *Prebble v. Hinson,* 825 F. Supp. 185, 186 (S.D. Ohio 1993) (citations omitted); s*ee also Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382-83 (6th Cir. 1993).

Under both federal and Ohio law, a retaliation claim can be sustained only where a plaintiff can demonstrate: (1) that he engaged in a statutorily protected activity, (2) that the alleged retaliator knew about the protected activity and plaintiff's exercise of his civil right, (3) that the alleged retaliator subjected plaintiff to an adverse employment action, and (4) that a causal connection exists between the protected activity and the adverse employment decision. *Weigel v. Baptist Hosp. of East Tennessee,* 302 F.3d 367, 381 (6th Cir. 2002) (citing *McDonnell Douglas v. Green,* 411 U.S. 792, 802 (1973)).

In the present case, Plaintiff's proposed retaliation claim does not allege that he was engaged in a protected activity at the time he was terminated. Complaining about compensation

7

is not a protected activity under Title VII or O.R.C. § 4112.01.[2] Therefore, even if Plaintiff was terminated for complaining about his compensation, that fact does not state a claim for retaliation. Because amendment to assert this claim of retaliatory discharge would be futile, leave to amend as to this claim will be denied.

      **D.**      **Spoilation of Evidence Claim**

Plaintiff also seeks to add a claim for spoilation of evidence based upon Defendants' recent admission that documents stored on Plaintiff's work computer have been destroyed. Under Ohio law, in order to prevail on a claim for spoilation of evidence, the plaintiff must establish the following elements: "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of the defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts." *Smith v. Howard Johnson,* 67 Ohio St.3d 28, 29 (1993).

Here, Plaintiff has failed to establish that there was any information on the computer that he was entitled to discover and that was relevant to his claims. He only vaguely alleges that documents stored on his computer contained information necessary to support his claims. In the absence of a factual basis for his claim of spoilation of evidence, leave to amend as to this claim will be denied.

**WHEREUPON**, in light of the foregoing discussion, this Court concludes that Plaintiff's

---

[2]Plaintiff characterizes as "significant" his reference in his letter to the compensation of the employee who was retained after Plaintiff was terminated. *Plaintiff's Reply,* at p. 7. However, Plaintiff does not assert that, in these dealings with his supervisor, he was exercising his rights under either federal or state discrimination laws.

motion for leave to further amend the complaint, Doc. No. 58, is **GRANTED** in part and **DENIED** in part.

Plaintiff is **DIRECTED** to file a second amended complaint consistent with the foregoing.

June 1, 2005                                         *s/ Norah McCann King*
                                                     Norah M<sup>c</sup>Cann King
                                                     United States Magistrate Judge