IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| FREDERICK GRAESSLE, | : |
| Plaintiff, | : CASE NO. 2:03-CV- 758 |
| v. | : JUDGE SMITH |
| NATIONWIDE CREDIT INC., ET AL., | : MAGISTRATE JUDGE KING |
| Defendants | : |

### REVISED AGREED MUTUAL PROTECTIVE ORDER

Defendants Nationwide Credit Inc., NCI Resource Management, Inc., and Nationwide Credit, Inc. d/b/a NCI Resource Management, Inc. ("Defendants"), upon agreement with Plaintiff, Frederick Graessle ("Plaintiff"), hereby submit a Protective Order protecting the Plaintiff's and the Defendants' confidential information from public disclosure. In accordance with Rule 26 of the Federal Rules of Civil Procedure, this Protective Order contains the following terms:

1. Proceedings and Information Governed

This Protective Order shall govern any document, information or other thing furnished by any party, including third parties, to any other party. The information protected includes, but is not limited to, Plaintiff's and Defendants' protected trade secrets, confidential sales information, customer lists, financial reports, income statements, tax returns, any and all personal financial information, responses to requests to produce documents or other things, answers to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. <u>Classification of Information as Confidential</u>

Each party may designate as "Confidential" any material produced in the course of discovery proceedings herein only when such designating person in good faith believes that such material contains sensitive business information, trade secret information, financial information, personnel information, social security information, tax information, benefit information, retirement information, or other confidential information that is of such a sensitive nature that disclosure would result in damage to the reputation or business of the Parties or persons not a party to this case and such material is not otherwise accessible to the public.

3. <u>Designation of Confidential Information</u>

(a) In the case of documents, designation shall be made by placing the legend "Confidential" on every page of any such document or section thereof that contains confidential information. Any document produced by Plaintiff or any Defendants that Plaintiff or Defendant deems so confidential that it must be made available only to the other party's outside counsel shall be stamped in advance with "Confidential–FOR ATTORNEYS' EYES ONLY."

(b) In the case of interrogatory answers or responses to requests for admissions, designation shall be made by placing the legend "Confidential" on each page of any answer that contains confidential information. If more than one answer appears on a page marked "Confidential," counsel shall designate the specific answer(s) which are considered confidential. For all documents, interrogatory answers or responses to requests for admissions that have already been served, the parties may designate in writing the pages that are considered confidential.

(c) In the case of deposition testimony, counsel for the testifying person may designate on the record at the time of the deposition those portions of testimony to be treated as

confidential. Those designated portions, if transcribed, and exhibits designated "Confidential" or "Confidential–FOR ATTORNEYS' EYES ONLY" shall be prepared in a separate transcript marked "Confidential" or "Confidential–FOR ATTORNEYS' EYES ONLY," and, if filed with the Court, shall be filed under seal pursuant to Paragraph 9 below. Additionally, within thirty (30) days after receipt of the deposition transcript, a party may designate in writing, served upon all counsel, that specific portions of the transcript be confidential. All transcripts shall be treated as "Confidential" for this thirty (30) day period, as will any portions of the transcript designated "Confidential" thereafter.

(d) All briefs, pleadings or other filings with the Court that incorporate or disclose confidential information shall be appropriately labeled on the cover page and filed under seal pursuant to Paragraph 9.

4. Disclosure of Confidential Information

Information marked "Confidential" may be disclosed by the receiving party to the following recipients only:

(a) Counsel of record for the parties and employees of counsel;

(b) The Court in which this case is pending, including its officers and employees;

(c) Independent experts and consultants retained in this action by the attorneys of record, whether for the purpose of testifying or consulting, and the employees of such experts and consultants who are assisting them;

(d) Any stenographic reporter recording testimony in this case, including all persons who assist the reporter in transcribing the testimony;

(e) The author or addressee of such information; and

3

(f) Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court.

Nothing herein contained shall restrict the right of counsel to reveal the existence and discuss the general content of any document so marked with his client. However, information designated "CONFIDENTIAL–FOR ATTORNEYS' EYES ONLY" shall be disclosed <u>only</u> to the Court, counsel of record, and persons directly assisting counsel of record; such documents shall not be disclosed to an opposing party. For purposes of this Protective Order, "persons directly assisting counsel of record" means other persons employed in counsel of record's office and experts or outside consultants retained by counsel of record to assist in the preparation of their case.

5. <u>Declaration</u>

Each person referred to in Paragraph 4, except persons falling under Paragraph 4(a) and Paragraph 4(b) above, to whom documents marked "Confidential" are to be given, shown, disclosed, made available or communicated in any way, shall execute a declaration, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order. A copy of each executed declaration shall be served on all parties.

6. <u>Use</u>

Documents marked "Confidential" or "Confidential–FOR ATTORNEYS' EYES ONLY" shall be used by the persons listed in Paragraph 4 to whom it is disclosed solely for purposes of this litigation, and any appellate proceeding related thereto. Documents so marked shall not be used by such persons for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by Order of this Court. No person who is furnished documents so marked shall disclose it to any person not entitled under this Protective Order to receive it.

7.  Party's Own Information

The restrictions on the use of documents marked "Confidential" established by this Protective Order are applicable only to the use of those documents received from another party to this litigation. A party is free to use its own Confidential Information as it desires, so long as it has been produced to the other party.

8.  Exclusion from Deposition

Whenever any documents, information or other things designated as "Confidential," are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as "Confidential."

9.  Litigation Procedures

(a)  All pleadings or other court filings which incorporate or disclose documents marked "Confidential" shall be filed in a sealed envelope or other container marked on the outside with the title of the action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL", and a statement substantially in the following form:

> "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER. This envelope is sealed, contains Confidential Information and is not to be opened nor the contents revealed except by Order of the Court or as is allowed by the protective order entered in the action. Violation of this prohibition may be treated as contempt of court."

(b)  Any hearing or other court proceeding which describes documents so marked shall exclude persons not entitled to such information under this Protective Order.

10.  No Waiver

Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or such action or omission, shall

5

constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information embodies Confidential Information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to Confidential Information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

11. <u>Protective Order as Evidence in Court</u>

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "Confidential" under this Protective Order shall not be deemed to be determinative of what the trial court may determine to be confidential or proprietary. This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; (iii) whether any particular information or material is or is not relevant to any issue of this case; or (iv) whether any particular information or material is or is not admissible for any other reason, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that information has been designated "Confidential" under this Protective Order shall not be admissible during the litigation of this action. The fact that any information is disclosed, used or produced in discovery or litigation herein shall not be construed admissible, or offered in any action or proceeding

6

before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

12. <u>Return of Information</u>

Within thirty (30) days after the termination of this action, including the final disposition of any appeal, all documents marked "Confidential" including but not limited to any notes, abstracts, summaries, or other materials relating or referring to such documents and all copies of declarations signed by individuals in respect thereof, shall be returned to counsel for the party that furnished the documents so marked. Should counsel choose to provide an affidavit evidencing the destruction of these documents, that affidavit will be accepted in lieu of the return of the documents so marked. In any event, all copies of declarations signed by individuals who have viewed said documents shall be provided to counsel for the party that originally produced the documents. In no event shall a party retain a copy of the documents so marked and produced to it.

13. <u>Court's Jurisdiction</u>

This Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate. The provisions of this Protective Order regarding the use and/or disclosure of the documents marked "Confidential" shall survive the termination of this litigation, and the Court shall retain jurisdiction over the parties for enforcement of the provisions of this Protective Order following conclusion of the action.

SO ORDERED, this ___ day of _____, 2005.



_____
Magistrate Judge King

7

**AGREED TO BY:**

| Attorney(s) for Plaintiff | Attorney(s) for Defendants |
|---|---|
| /s/ Richard J. Silk, Jr.<br>Richard J. Silk Jr.<br>Attorney for Plaintiff Frederick Graessle | /s/ Kirk M. Wall<br>Kirk M. Wall, Esq. (0061642)<br>Attorney for Defendants Nationwide Credit, Inc, NCI Resource Management, Inc. and Nationwide Credit, Inc., dba NCI Resource Management, Inc. |
| /s/ Douglas Holthus<br>Douglas Holthus, Esq.<br>Attorney for Plaintiff, Frederick Graessle | |

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **FREDERICK GRAESSLE,** | : |
| Plaintiff, | : CASE NO. 2:03-CV- 758 |
| v. | : JUDGE SMITH |
| **NATIONWIDE CREDIT INC., ET AL.,** | : MAGISTRATE JUDGE KING |
| Defendants | : |

I, _____, declare and say that:

1. I live at [state address] _____. I am employed as [state position] _____ by [state name and address of employer] _____.

2. I have read the Protective Order entered in *Graessle v. NCI,* Case No. 2:03-CV-758 in the United States District Court for the Southern District of Ohio, Eastern Division, and a copy of the Protective Order has been given to me.

3. I promise that any documents and information designated as "CONFIDENTIAL" within the meaning of the Protective Order will be used by me only to assist counsel in connection with litigation of this matter.

4. I promise I will not disclose or discuss such documents and information with anyone other than the persons described in Paragraph 4 of the Protective Order.

5. I understand any disclosure or use of confidential documents and information in any manner contrary to the provisions of the Protective Order will subject me to sanctions for contempt of the Court's Order, and I consent to the personal jurisdiction of this Court for the limited purpose of the compliance with the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this ____ day of _____ 2005, at _____.

70057v1
31313-1